United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30868
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN CHARLES ROBERTS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CR-10007
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

John Charles Roberts pleaded guilty to one count of deprivation of rights and one count of making a false statement to the FBI. He now appeals his 72-month guideline sentence. Roberts argues that his sentence is unreasonable because the district court imposed a sentence that it felt was harsh without conducting an extensive analysis of the 18 U.S.C. § 3553(a) factors. He also argues that the presumption that such a sentence is reasonable violates United States v. Booker, 543 U.S. 220 (2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under this court's precedent, a sentence within a properly-calculated guidelines range, like the one here, is presumptively reasonable, United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005), and Roberts hasn't overcome that presumption. Because an intervening Supreme Court case explicitly or implicitly overruling prior precedent is required to alter this court's precedent, the grant of certiorari in Rita v. United States, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754) has no impact on the presumption, see United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999), as Roberts recognizes.

In any event, the record shows that the district court thoroughly considered the § 3553(a) factors and determined that a deviation therefrom was not warranted by the facts of the case, even though in its sentencing memorandum it devoted little space explicitly to the § 3553(a) factors. Consequently, Roberts has not demonstrated that his sentence is unreasonable. See Mares, 402 F.3d at 519-20.[1]

AFFIRMED.

---

[1] Roberts argued to the district court that U.S.S.G. § 2A3.4(a)(2) should apply, not § 2A3.1. The court applied § 2A3.1. On appeal, Roberts mentions this issue only in one sentence, in his summary of the argument, stating that the court erred in applying § 2A3.1. Consequently, he has waived the argument. See United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir. 2000).