IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2008

Charles R. Fulbruge III
Clerk

No. 06-30868
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN CHARLES ROBERTS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CR-10007

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

John Charles Roberts pleaded guilty to one count of deprivation of rights and one count of making a false statement to the FBI. The district court, applying a total offense level of 33, assessed a 72-month sentence under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines.[1] Roberts challenged the sentence on the grounds that the district court sentenced him to the statutory maximum "when the facts of this case clearly dictated that the Court exercise its Booker authority to impose a non-guidelines sentence," and that the court imposed a Guidelines sentence despite its concern that the sentence was harsh. He also argued that the district court erred in identifying the Guideline that it used to calculate his base offense, alleging that U.S.S.G. § 2A3.4(a)(2) was more analogous to his offense than § 2A3.1, and that the court failed to perform an "extensive analysis" of the 18 U.S.C. § 3553(a) factors "which might have justified a lower sentence." Finally, he alleged that this court's presumption of reasonableness afforded to a within-Guidelines sentence is a violation of United States v. Booker, 543 U.S. 220 (2006).

We affirmed the district court's sentence, finding that the district court "thoroughly considered the § 3553(a) factors."[2] We held that Roberts had "not demonstrated that his sentence . . . [was] unreasonable"[3] under United States v. Mares.[4] Roberts petitioned for cert., and the Supreme Court granted the petition. On January 7, 2008, it vacated the judgment and remanded "for further consideration in light of Gall v. United States. . . ."[5] We also review this

---

[1] The court calculated a Guidelines range of 168 to 210 months' imprisonment, but the statutory maximum sentence was 72 months. Where the maximum statutory sentence is below the sentence called for by the Guidelines, the Guidelines require the court to use the lower sentence. Thus, the 72-month sentence was within the Guidelines range.

[2] 247 Fed.Appx. 465, 466 (5th Cir. 2007) (unpublished) (per curiam).

[3] Id.

[4] 402 F.3d 511, 519-20 (5th Cir. 2005).

[5] Roberts v. United States, No. 07-5581 (Jan. 7, 2008) (citing 128 S.Ct. 586 (2007)).

case in light of United States v. Rita,[6] as the district court assessed a sentence within the Guidelines range.

In Rita, the Supreme Court addressed the question of "whether a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines" and concluded that it may.[7]  In Gall, the Supreme Court addressed the standard of review for sentences and held that "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review [a district court] sentence under an abuse-of-discretion standard."[8]  The Court held that for within-Guidelines sentences, we may but are not required to presume that the sentence is reasonable.[9]  When reviewing a sentence, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.[10]

We must then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," considering "the totality of the

---

[6] 127 S.Ct. 2456 (2007).

[7] Id. at 2462.

[8] 128 S.Ct. at 597.

[9] Id.

[10] Id.

3

circumstances, including the extent of any variance from the Guidelines range."[11]

The district court in the present case correctly calculated the Guidelines range, as we previously held,[12] and did not commit any other procedural errors. Although expressing concern regarding the harshness of the Guidelines, the court did not view the Guidelines as mandatory. Instead, it found "no reason to deviate from . . . [the Guidelines] sentence" and held that "further consideration of the factors in 18 U.S.C. § 3553(a) yields no other compelling consideration not to apply the guidelines in this case." Nor did it fail to explain its reasons for the sentence or base its sentence on clearly erroneous facts.

Moving to the reasonableness of the sentence, we find that a presumption of reasonableness, as permitted by Rita and Gall for within-Guidelines sentences, is appropriate in this case. Even if we were to decline to apply this presumption, the sentence is reasonable. As we found in our original opinion,

> the record shows that the district court thoroughly considered the § 3553(a) factors and determined that a deviation therefrom was not warranted by the facts of the case, even though in its sentencing memorandum it devoted little space explicitly to the § 3553(a) factors.[13]

As the Supreme Court held in Rita, § 3553(a) "does call for the judge to 'state' his 'reasons.' . . . That said, we cannot read the statute (or our precedent)

---

[11] Id.

[12] Roberts, 247 Fed.Appx. at 466 & n.1 (finding a "properly-calculated guidelines range" and holding that Roberts had waived his challenge to the calculation because he raised it in one sentence in his summary of the argument). In United States v. Lucas, 157 F.3d 998, 1003 (5th Cir. 1998), we held that § 2A3.1 was the appropriate Guideline to apply to sexual acts coerced by a jail warden, under facts similar to the present case.

[13] Roberts, 247 Fed.Appx. at 466.

as insisting upon a full opinion in every case. . . . The law leaves much, in this respect, to the judge's own professional judgment."[14]  The court here explained that it considered the § 3553(a) factors, but found none of them sufficiently compelling to apply a non-Guidelines sentence.  We recognize Rita's statement that where "a party contests the Guidelines sentence generally under § 3553(a)," a court may need to provide an explanation beyond a simple assumption that a judge has rested "his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates)."[15]  Although the court did not expound upon its "further consideration" of the § 3553(a) factors, it considered them independently, beyond the basic assumption that the Guidelines sentence was proper.

In his brief, Roberts argued that the "facts of the instant case, when considered in conjunction with the particularly difficult time the court stated that it had in deciding how to sentence," mandated a non-Guidelines sentence. A judge's explanation of his difficulties in deciding to assess what he viewed as a "harsh" sentence does not persuade us that the court abused its discretion, or that the sentence was unreasonable.  Instead, it shows that the judge carefully considered and weighed all of the factors – more so than in many cases.  He stated, "[W]hat we're down to is the question of whether there are appropriate 3553(a) factors that might apply in this case.  I consider it a serious enough case to do the unusual here, and that's to break at this point and allow counsel the opportunity to brief it," and later stated that he was "taking the unusual step of

---

[14] 127 S.Ct. at 2468.

[15] Id.

outlining [his] thought process" once he had determined the sentence. The judge also indicated that he had "explored and analyzed" "the facts presented when the guilty plea was accepted." Although the facts may have been "bizarre," as Roberts claims,[16] the judge carefully considered them in imposing the sentence. We are not persuaded that the court abused its discretion.

AFFIRMED.

---

[16] Roberts was charged with, inter alia, "willfully depriving an inmate housed at . . . [Winn Correctional Center] of a right to be protected by the Constitution and laws of the United States, by forcing and coercing the inmate to perform oral sex on him (Roberts), in violation of 18 U.S.C. § 242." The PSR indicated that the inmate was a "known homosexual" and "claimed to have had difficulty with the guards and inmates" at the correctional center, and that Roberts claimed that Mitchell consented to perform oral sex.