# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30578

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

v.

DARRELL SANCHEZ,

                Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Darrell Sanchez challenges the district court's imposition of a 60-month sentence for failing to register pursuant to the Sex Offender Registration and Notification Act ("SORNA").

Sanchez pleaded guilty to failing to register pursuant to SORNA, in violation of 18 U.S.C. § 2250. At sentencing, Sanchez and the Government agreed that "the guidelines associated with the crimes are 2X5.1 and 2X5.2 because there are no other applicable guidelines, specific to this crime." The district court noted that this was the only case it had ever encountered in which there was no applicable guideline, and determined that, in the absence of an applicable guideline range, it had to sentence Sanchez utilizing the factors set

forth in 18 U.S.C. § 3553. The district court noted that the statutory maximum for a violation of §2250 was 10 years of imprisonment. Then, indicating that it had considered the factors set forth in § 3553(a), the district court sentenced Sanchez to a 60-month term of imprisonment and to a five-year term of supervised release.

However, unbeknownst to the district court or the parties, prior to Sanchez's sentencing on June 11, 2007, the Sentencing Commission had promulgated and submitted to Congress a proposed guideline for violations of § 2250. After Sanchez's sentencing, the proposed guideline was approved by Congress and now appears in the 2007 Guidelines Manual as § 2A3.5. It is undisputed that Sanchez's sentencing range under the proposed guideline, now § 2A3.5, would be significantly less than the 60 month sentence imposed by the district court.[1]

On appeal, Sanchez contends that the district court erred in failing to consider the proposed guideline when calculating his sentencing range. Sanchez did not raise this argument before the district court, and as such, this Court will review only for plain error. United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). To establish plain error, Sanchez must show that "there is (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). If those conditions are met, this Court has discretion whether to correct the error; generally, it will do so only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. Further, the Supreme Court has made clear that we

---

[1] The parties disagree about exactly what sentencing range Sanchez would be subject to under the proposed guideline. The Government contends that Sanchez would be in Tier II with a base offense level of 14, and with the two-point reduction for acceptance of responsibility, a total offense level of 12, yielding a sentencing range of 21-27 months under the proposed guidelines. Sanchez maintains that he was Tier I offender with a total offense level of 10, yielding a guidelines range of 15-21 months. Because we vacate and remand to the district court for resentencing, we need not resolve this dispute.

determine whether the error was plain at the time of appellate consideration – not at the time of trial. See United States v. Martinez-Vega, 471 F.3d 559, 561 (5th Cir. 2006) (citing United States v. Johnson, 520 U.S. 461 (1997)) (holding that the intervening change in the law made the error plain on appeal).

When reviewing a district court's application of the guidelines, this Court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range. . . ." Gall v. United States, 128 S. Ct. 586, 597 (2007). Under the guidelines, "[i]f the offense is a felony for which no guideline has been promulgated," a district court should "apply the most analogous offense guideline." U.S.S.G. § 2X5.1. "If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable." Id.

This Court has previously addressed the relevance of proposed guidelines under § 2X5.1. United States v. Armstead, 114 F.3d 504, 508 (5th Cir. 1997). In Armstead, we stated that "[w]hen dealing with a new statutory crime, we believe the courts should defer to the authority of the Sentencing Commission to define, by amending the guidelines, which particular guideline will be applicable to the new crime." Id. We further indicated that, "[w]here, as in this case, evidence of the [Sentencing] Commission's policies and goals are publicly available to the courts, we should utilize those proposed new amendments in making determinations as to 'analogous guidelines' for sentencing purposes under § 2X5.1." Id.

Although Armstead arose in a different context,[2] the Court's statements regarding the propriety of considering proposed guidelines are relevant to the case at hand. Here, although there was no applicable guideline at the time of sentencing, "evidence of the [Sentencing] Commission's policies and goals" was publicly available to the district court in the form of the proposed amendments to the guidelines. Id. Therefore, the district court should have "defer[red] to the authority of the Sentencing Comission" and utilized the proposed new amendments in determining Sanchez's sentencing range. The district court's failure to do so constituted plain error.

Further, the sentencing error affects Sanchez's substantial rights because Sanchez can show "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005). Had the district court considered the proposed guideline, even under the Government's calculations, Sanchez would have a total offense level of 12, yielding a sentencing range of 21-27 months. The sentence that Sanchez received is more than twice that provided for in the guidelines range, therefore Sanchez has "demonstrate[d]

---

[2] In Armstead, we addressed whether the district court violated the ex post facto clause of the Constitution in utilizing the 1995 Guidelines Manual, which was in effect at the time of sentencing, rather than the 1994 Guidelines Manual, which was in effect at the time the defendant's offense was committed. Id. at 507. The 1994 edition did not contain any reference to the defendant's statute of conviction,18 U.S.C. § 922(u), whereas the 1995 edition indicated that the proper guideline for handling § 922(u) violations would be U.S.S.G. § 2K2.1 Id. at 508-09. We found that under the 1994 edition, the most analogous guideline was § 2K2.1, the guideline used by the district court. Id. at 508. Further, we noted that at the time of sentencing, the Sentencing Commission had promulgated an amendment indicating that the proper guideline for handling § 922(u) violations would be U.S.S.G. § 2K2.1 and that it was appropriate for the district court to consider this amendment when determining the most analogous guideline. Id. Finally, we compared the provisions of the 1994 edition with the 1995 edition and concluded that although no ex post facto concerns were raised by the district court's application of § 2K2.1(b)(5), the imposition of a two-level increase pursuant to § 2K2.1(b)(4) in the 1995 edition did violate the ex post facto clause. Id. at 509-510. But cf. United States v. Rodarte-Vasquez, 488 F.3d 316, 325 (5th Cir. 2007) (Jones, Chief Judge, concurring) (suggesting that, post-Booker, the sentencing guidelines cannot present an ex post facto problem because they are purely advisory).

a probability sufficient to undermine confidence in the outcome." United States v. Price, 516 F.3d 285 (5th Cir. 2008) (finding that error affected defendant's substantial rights when it resulted in the calculation of a guidelines range of 110-120 months, rather than the correct range of 92-115 months). Although the district court on remand is not bound by the guidelines, it must consider them, and in doing so, it is required to calculate the proper guidelines range. Villegas, 404 F.3d at 365.[3]

In light of this substantial disparity, this plain error also affects the fairness of the judicial proceedings and warrants the exercise of our discretion to correct the error. See United States v. Garza-Lopez, 410 F.3d 268, 275 (5th Cir. 2005) (concluding that the imposition of a sentence that was substantially greater than the guideline range affected the defendant's substantial rights "and the fairness of the judicial proceedings").

Finally, we must emphasize the narrowness of our holding. We hold only that, where, at the time of sentencing there is no guideline in effect for the particular offense of conviction, and the Sentencing Commission has promulgated a proposed guideline applicable to the offense of conviction, the district court's failure to consider the proposed guideline when sentencing the defendant may result in reversible plain error.

For the reasons set forth above, we VACATE the district court's judgment and REMAND for resentencing.

---

[3] Because we conclude that the district court committed reversible plain error in failing to consider the proposed guideline, we do not address Sanchez's alternative argument that the district court erred in failing to utilize the sentencing guideline for obstruction of justice, § 2J1.2, as the most analogous guideline.