**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-30866
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL SANCHEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:07-CR-60012-1

Before SMITH, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Darrell Sanchez pleaded guilty of failing to register under the Sex Offender Registration and Notification Act ("SORNA") and was sentenced to five

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

years' imprisonment and five years' supervised release. This court remanded for resentencing, holding that the district court erred by not considering a proposed guideline applicable to the offense of conviction that had been promulgated by the Sentencing Commission. *United States v. Sanchez*, 527 F.3d 463, 465-66 (5th Cir. 2008).

On remand, the district court applied the guideline applicable to violations of SORNA and determined that Sanchez's sentencing range was 24-30 months. The court varied upwardly from that range and imposed the same sentence as before. Sanchez appeals.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). In conducting a reasonableness review, we must first determine whether the district court committed any significant procedural error. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If not, we then "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* If the sentence is outside the guideline range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Sanchez argues that the sentence is unreasonable. He contends that the district court improperly used its original sentence as the benchmark in determining his ultimate sentence. He asserts that a variance of 100 percent above the upper range of the guidelines is not justified.

Although the district court took note of its previously-imposed sentence, there is no indication in the record that it improperly used its previous sentence, as opposed to the guideline range, as a benchmark. Giving due deference to the district court's decision, *id.*, the extent of the variance from the applicable guideline range is not unreasonable in view of the court's expressed concern for the need to promote respect for the law, provide adequate deterrence to criminal con-

duct, protect the public from further crimes by Sanchez, and provide him with counseling and drug rehabilitation. *See* § 3553(a)(2)(A)-(D).  Moreover, the district court "thoroughly and adequately articulated several § 3553(a) factors that justified the variance." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008).

The judgment is AFFIRMED.