# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-40597
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS CARBAJAL-ALVARADO, also known as Jesus N Carvajal, also known as Jesus Carbarjar, also known as Jesus Carbajal,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CR-18-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Carbajal-Alvarado (Carbajal) appeals his conviction and sentence for being found unlawfully in the United States following removal. Carbajal argues that the sentence imposed was unreasonable because the district court impermissibly applied a presumption of reasonableness to sentences within the guidelines range. In reviewing a sentence for reasonableness, we first determine whether the district court's sentencing decision was procedurally sound and then

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider the substantive reasonableness of the sentence. Gall v. United States, 128 S. Ct. 586, 597 (2007).

The record shows that the district court applied a presumption of reasonableness for sentences within the guidelines range and required the existence of extraordinary circumstances to impose a sentence outside of the guidelines range. The Supreme Court has since held that while an appellate court may apply a presumption of reasonableness to sentences within the guidelines range, a district court may not. Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007); Gall, 128 S. Ct. at 596-97. As the sentence imposed was not procedurally sound, we vacate Carbajal's sentence and remand for resentencing. See Gall, 128 S. Ct. at 596-97; see also United States v. Newsom, 508 F.3d 731, 733 (5th Cir. 2007) (implying that a procedurally unsound sentence should be vacated by noting that issues of substantive reasonableness are not reached if sentence is procedurally unsound).

Carbajal argues that his sentence was unreasonable as a matter of law because this court's precedent following United States v. Booker, 543 U.S. 220 (2005), has effectively reinstated the mandatory guidelines regime found unconstitutional in Booker. He acknowledged that this argument was foreclosed at the time he raised it, but raised the issue to preserve it in light of the then pending Supreme Court cases of Gall and Kimbrough v. United States, 128 S. Ct. 558, 575 (2007). Gall and Kimbrough have now been decided, and nothing in either case demonstrates that this court's post-Booker precedent effectively reinstated the mandatory guidelines. See Gall, 128 S. Ct. at 594-602; Kimbrough, 128 S. Ct. at 569-76.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Carbajal challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v.

Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.