IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-30649

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RONALD KING, also known as Big

Defendant-Appellant

Appeal from the United States District Court for the
Western District of Louisiana

Before DAVIS, SMITH and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Ronald King appeals his jury trial conviction for one count of conspiracy to possess cocaine with the intent to distribute and one count of conspiracy to launder money. He also appeals the sentence imposed. We affirm.

I.

The Government charged King with conspiracy to possess with the intent to distribute five or more kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846, and conspiracy to commit money laundering, 18 U.S.C. § 1956(a), (h). The Government also sought forfeiture of property King allegedly derived from these conspiracies. See 21 U.S.C. § 853. At trial, the Government established King's involvement in a cocaine distribution conspiracy by eliciting witness testimony

and introducing recordings of conversations between two of King's alleged co-conspirators. Regarding the money laundering conspiracy charge, the Government elicited testimony from several witnesses and introduced recordings of conversations between King and his wife concerning the use of a vehicle that was allegedly purchased with the proceeds of illegal drug activity.

King objected to admission of the recorded conversations. He claimed that the Confrontation Clause, U.S. CONST. amend. VI, barred admission of recordings of conversations between his alleged co-conspirators, and that the marital privilege barred admission of recordings of his conversations with his wife. The district court admitted the recordings and the jury convicted King on both conspiracy counts. At sentencing, the district court calculated King's Sentencing Guidelines range to be 360 months to life on the cocaine conspiracy count. After stating that (1) he understood that the Guidelines are not mandatory, (2) he could give a non-Guidelines sentence, (3) he had considered the 18 U.S.C. § 3553(a) factors, and (4) that he found no need to deviate from the Guidelines, the court imposed a sentence of 400 months on the cocaine conspiracy count and a concurrent sentence of 240 months on the money laundering conspiracy count. The court also ordered forfeiture of cash, guns, and real property. King did not object to the sentence imposed, but timely filed a notice of appeal.

## II.

King argues on appeal that the district court committed a procedural sentencing error by presuming that a sentence within the applicable Guidelines range was reasonable. Because King did not preserve this argument by raising it below, review is for plain error. See United States v. Sanchez, 527 F.3d 463, 464 (5th Cir. 2008). To show plain error, King must establish that "there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation marks omitted). "If all three conditions are met an appellate court may then

exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005) (quotation marks omitted).

King correctly points out that district courts may not rely on a presumption that a properly calculated Guidelines sentence is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2458 (2007) ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."); see also Gall v. United States, 128 S. Ct. 586, 596-97 (2007) ("[District courts] may not presume that the Guidelines range is reasonable.").[1] The issue is whether the district court applied such a presumption. At King's sentencing hearing, the court stated:

> The Court recognizes that the guidelines in this instance pursuant to the Booker decision are advisory and that they are not binding upon the Court. The Court also is aware of the potential for giving a non-guideline sentence under Title 18, Section 3553(a) of the United States Code. I have taken into account not only the correctly calculated guidelines, but also the sentencing factors embodied in Section 3553(a) and find that there is no need to deviate from the calculations contained in the United States Sentencing Guidelines.

We find no error in this statement. The court did not expressly apply a presumption that a Guidelines sentence was reasonable. Cf. United States v. Wilms, 495 F.3d 277, 281 (6th Cir. 2007) (vacating after a district court required the defendant to "'overcome the presumption of reasonableness with respect to the sentencing guidelines'"). Further, the district court did not require the

---

[1] This presumption should be distinguished from the presumption of reasonableness that Guidelines sentences enjoy on appeal in this Circuit. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). This appellate presumption has been expressly authorized by the Supreme Court. See Rita,127 S. Ct. at 2462-63; Gall, 128 S. Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

defendant to prove "extraordinary circumstances" before imposing a non-Guidelines sentence, which we have observed is akin to applying a presumption of reasonableness. See United States v. Carbajal-Alvarado, No. 07-40597, 2008 WL 1881458, at *1 (5th Cir. April 29, 2008). Additionally, it was appropriate for the district court to refer to the applicable Guidelines range when determining the appropriate sentence. As we have previously recognized, statements by a sentencing court indicating that a Guidelines sentence is "appropriate" or that there is no reason not to apply a Guidelines sentence, are permissible. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 766 (5th Cir. 2008); United States v. Roberts, No. 06-30868, 2008 WL 749533, at *1-*2 (5th Cir. Mar. 21, 2008) (finding no error when the district court stated that there is "no reason to deviate from . . . [the Guidelines]").

Lastly, even if King could establish error on this point, he has not shown that the error affected his substantial rights under the plain error standard. See United States v. Holmes, 406 F.3d 337, 365 (5th Cir. 2005) (requiring the defendant to show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." (quotation marks and brackets omitted)).[2]

King next challenges the district court's ruling allowing the Government to introduce statements made by King's alleged co-conspirators. King argues that admission of these out-of-court statements violated the Confrontation Clause as interpreted by Crawford v. Washington, 541 U.S. 36 (2004). However, Crawford only bars out-of-court statements that are testimonial. Id. at 68. Statements made between co-conspirators in furtherance of a conspiracy are not testimonial. Id. at 56 (commenting that "statements in furtherance of a conspiracy" are not testimonial); United States v. Robinson, 367 F.3d 278, 292

---

[2] We note that King has not challenged the substantive reasonableness of his sentence.

n.20 (5th Cir. 2004); see United States v. Holmes, 406 F.3d 337, 348 & n.16 (5th Cir. 2005) ("Statements made by a co-conspirator during the course and in furtherance of a conspiracy are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination."). Because the statements at issue here were made by co-conspirators in the furtherance of a conspiracy, they do not fall within the ambit of Crawford's protection and the district court did not err in admitting them.[3]

Lastly, we find no reversible error in the district court's decision to admit transcripts of tape-recorded conversations between King and his wife. Although this Court recognizes a privilege "protecting confidential communications between spouses," United States v. Brown, 12 F.3d 52, 54 n.8 (5th Cir. 1994), "conversations between husband and wife about crimes in which they are jointly participating when the conversations occur" are not privileged. United States v. Mendoza, 574 F.2d 1373, 1381 (5th Cir. 1978). The district court held that the "joint participation" exception applied in this case because the conversations at issue involved the "potential criminal activity of hiding assets" or "concealing [assets] from [King's] ownership." Based on our review of the record, we conclude that the court did not abuse its discretion in finding this exception applicable. See United States v. Hall, 500 F.3d 439, 443 (5th Cir. 2007) ("We review the district court's evidentiary rulings for abuse of discretion.").

## III.

For the foregoing reasons, we AFFIRM King's conviction and sentence. AFFIRMED.

---

[3] We decline King's invitation to hold that these statements are testimonial because they were "presented by the government for their testimonial value." Crawford's emphasis clearly is on whether the statement was "testimonial" at the time it was made. See 541 U.S. at 51-52.