# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2009

No. 07-11195
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TUAN ANH TRAN; ITTHISON PHENGSENGKHAM, also known as Eddy
Phensengkham; SITTHIPHONE PHENGSENGKHAM, also known as Teddy
Phengsengkham

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CR-65-23

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Itthison Phengsengkham ("Eddy") and Sitthiphone
Phengsengkham ("Teddy") were convicted by a jury of conspiring to distribute
cocaine and methamphetamine, in violation of 21 U.S.C. § 846. The same jury
convicted Teddy and Defendant-Appellant Tuan Anh Tran ("Tran") of violating
18 U.S.C. § 1956(h) by conspiring to launder money. Defendants challenge their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

convictions on various grounds, and Teddy additionally contends that his sentence was unreasonable. For the reasons that follow, we AFFIRM:

1. Eddy asserts that the police affidavit submitted in support of the search warrant contained stale information, thus requiring suppression of the drugs and cash seized at a motel. Evidence obtained by law enforcement in good faith reliance on a warrant is admissible even if the affidavit submitted in support of the warrant was insufficient to establish probable cause. *See United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988) (discussing *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984)). An affidavit may rely on information reaching back over long periods if "the information of the affidavit clearly shows a long-standing, ongoing pattern of criminal activity." *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1130 (5th Cir. 1997) (internal quotations and citation omitted). The court is also "more tolerant of dated allegations" if "the evidence sought is of the sort that can reasonably be expected to be kept for long periods of time in the place to be searched." *Id.* (internal quotations and citation omitted). The facts recounted in the affidavit supported the ongoing nature of the criminal activity at the motel, including within days of the warrant's issuance, and the likelihood that drugs and drug-related documents of a non-ephemeral nature would be found there. As such, the affidavit "was not so lacking in indicia of probable cause as to render good-faith reliance on a warrant issued pursuant to it entirely unreasonable." *Id.* The district court therefore correctly denied Eddy's motion to suppress.

2. Additionally, the district court did not abuse its discretion by denying Tran's motion for severance. *See, e.g.*, *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (standard of review). "As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). For denial of severance to amount to reversible error, the defendant must show that "(1) the

joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *United States v. Valdez*, 453 F.3d 252, 261 (5th Cir. 2006) (internal quotation marks and citation omitted). Tran's contentions regarding the volume of evidence relating to the separate drug-trafficking conspiracy of his co-defendants and its spillover effect are insufficient to warrant reversal. *Cf. United States v. Lewis*, 476 F.3d 369, 384 (5th Cir. 2007). The district court substantially mitigated potential prejudice to Tran by instructing the jury to consider the evidence separately as to each defendant. *See Booker*, 334 F.3d at 415–16; *United States v. Bieganowski*, 313 F.3d 264, 288 (5th Cir. 2002). Indeed, that Tran's wife was acquitted on the same conspiracy charge supports an inference that the jury adhered to this instruction. *See United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991). Even assuming that severance would have permitted Tran to compel Eddy's testimony—an argument he failed to raise below—Tran failed to present the requisite proof of his need for the testimony, its content, or its anticipated exculpatory effect. *See United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007). Tran has failed make the compelling showing of prejudice necessary to warrant reversal.

3.    Teddy, who did not move for severance or adopt the motion filed by Tran, also contends that the joint trial prejudiced his rights. Because a motion to sever requires a particularized showing of prejudice as to the complaining defendant, Tran's motion does not preserve Teddy's objection. *See United States v. Mann*, 161 F.3d 840, 861–62 & n.58 (5th Cir. 1998) (limiting review to plain error). No substantial prejudice resulted from (1) the district court's mistaken reference to Eddy as Teddy when addressing Eddy and his counsel regarding a factual stipulation to which both agreed; (2) the two instances when witnesses confused Eddy and Teddy's names and promptly corrected themselves; or

(3) when Eddy's counsel referred to Teddy by his client's name outside the presence of the jury. Teddy requested no admonitory instruction regarding these misstatements, and none was plainly required. That Teddy was charged with the same conspiracy count as Eddy also distinguishes his prosecution from *United States v. Sampol*, 636 F.2d 621, 646–48 (D.C. Cir. 1980) (joint trial between a defendant and others charged with grossly disparate offenses involving the bombing death of two people was error). Additionally, we do not find the evidence relating to Eddy's drug activities and criminal history so inflammatory and unrelated to Teddy's connection with those activities that their joint trial was plainly erroneous. *See, e.g.*, *Bieganowski*, 313 F.3d at 287–88. Accordingly, the district court was not required to sever Teddy's trial *sua sponte* from that of his brother.

4.    We reject Tran's challenge to the sufficiency of evidence underlying his conviction for conspiring with Teddy to launder proceeds from narcotics distribution. Police intercepted a phone call from Tran to Teddy after they arrested Tran's wife and seized $200,000 in drug money—half the sum paid by Teddy for the Trans' convenience store—that she was transporting to a safety deposit box at a local bank. Tran expressed concern that police might trace the funds back to Teddy and suggested that Teddy fabricate a story that the money came from a mother and aunt who wanted to buy the store. Moreover, Tran stated that he had secreted away the remaining $200,000. The Trans later met with Teddy, his aunt, and his mother at an office to complete paperwork consummating the sales transaction. But the contract of sale was signed only by Teddy's aunt. Viewing this evidence in a light most favorable to the Government, *see Valdez*, 453 F.3d at 256, a rational jury could reasonably infer from Tran's concerted efforts to conceal the money, its source, and the unorthodox sale procedure that he was aware that the funds were derived from illegal activity but nonetheless agreed to sell the store to Teddy with the intent

to further the agreement's unlawful purpose. *See United States v. Armstrong*, 550 F.3d 382, 403 (5th Cir. 2008) (elements of conspiracy under § 1956(h)).

5.     Based on these facts, we find no abuse of discretion by the district court in submitting a deliberate ignorance instruction in its jury charge. *See, e.g.*, *United States v. Orji-Nwosu*, 549 F.3d 1005, 1008 (5th Cir. 2008) (standard of review). Such an instruction is proper if the evidence supports the defendant's (1) subjective awareness of a high probability of the existence of illegal conduct and (2) purposeful contrivance to avoid learning of the illegal conduct. *United States v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir. 1990). Tran's attempts to conceal the circumstances surrounding the sale of his store and the funds he received from Teddy amply support a subjective awareness that his conduct was illegal. *Id.* at 952 (explaining that evidence suggesting actual knowledge typically permits an inference that the defendant was aware of the high probability of illegal conduct); *see also United States v. Wofford*, 560 F.3d 341, 353 (5th Cir. 2009) ("Suspicious behavior may be sufficient to infer subjective awareness of illegal conduct."). Tran's conduct likewise substantiates that he either knew the illegality of his actions or purposefully contrived to avoid guilty knowledge. *See Lara-Velasquez*, 919 F.2d at 952 (same evidence may support both awareness and contrivance); *see also, e.g., United States v. Saucedo-Munoz*, 307 F.3d 344, 348–49 (5th Cir. 2002) (approving of a deliberate ignorance instruction when the evidence supports both contrivance to avoid learning the truth and actual knowledge). We therefore affirm Tran's conviction.

6.     Finally, Teddy challenges the reasonableness of the 293-month sentence imposed by the district court for conspiring to distribute drugs, which we review for abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Because Teddy's sentence fell within the properly calculated guideline range, it is presumed reasonable. *United States v. King*, 541 F.3d 1143, 1145 n.1 (5th Cir. 2008). The district court, in relying on Teddy's criminal lifestyle, lack of

legitimate income sources, and disregard for the safety of the community by distributing drugs as a basis for its sentence, duly considered factors prescribed in 18 U.S.C. § 3553(a), namely, the nature and circumstances of the offense, history and circumstances of the defendant, seriousness of the crime, and the need to provide just punishment, deter wrongdoing, and protect the public. *See* § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). That the district court did not expressly cite 18 U.S.C. § 3553(a) is immaterial, and its decision to impose a within-guideline sentence required no more detail than was provided. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). We find no reversible error with Teddy's sentence.

AFFIRMED.