# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2010

No. 09-40929
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GIOVANNI GRANADOS-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-399-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Giovanni Granados-Reyes appeals the 57-month sentence imposed in connection with his guilty-plea conviction for being found in the United States following deportation in violation of 8 U.S.C. § 1326. For the first time on appeal, Granados-Reyes argues that his sentence is procedurally and substantively unreasonable because the district court presumed that a sentence within the applicable sentencing guidelines range was reasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Generally, this court reviews the sentence imposed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). In reviewing a sentence for reasonableness, this court first determines whether the district court's sentencing decision is procedurally sound and then determines whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If a defendant fails to object to an error at sentencing, this court will review the district court's actions for plain error only. *United States v. Olano*, 507 U.S. 725, 731-37 (1993) As Granados-Reyes did not preserve his presumption-of-reasonableness argument in the district court, this court will review the district court's actions for plain error only. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 947 (2009).

The Supreme Court has explained that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). A sentencing court cannot require that exceptional circumstances be present to justify imposing a sentence that is outside of the guidelines range. *Gall,* 552 U.S. at 47. Contrary to Granados-Reyes's argument, nothing in the district court's remarks shows that he was required to overcome a presumption that the Guidelines range was reasonable or required to prove "extraordinary circumstances" before the district court would impose a non-Guidelines sentence. Granados-Reyes has not established that the district court erred, much less plainly erred, by applying a presumption of reasonableness to his advisory sentencing guidelines range. *See King*, 541 F.3d at 1145.

The district court's judgment is AFFIRMED.