# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

Lyle W. Cayce
Clerk

No. 09-41230
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO GARCIA-CAMACHO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1142-1

Before DeMOSS, STEWART and ELROD, Circuit Judges.

PER CURIAM:[*]

Alberto Garcia-Camacho (Garcia) appeals following his guilty-plea conviction of illegal reentry. Garcia was sentenced to 41 months of imprisonment, the bottom of the Guidelines range, and 2 years of supervised release. Garcia argues that the district court failed to explain why it rejected his arguments for a lower sentence, misapplied the Guidelines by requiring extraordinary circumstances to impose a non-Guidelines sentence, and imposed a substantively unreasonable sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any significant procedural error. *Id.* If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence under a deferential abuse of discretion standard. *Id.* If the district court imposes a sentence within a properly calculated Guidelines range, we apply a rebuttable presumption that the sentence is reasonable. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

"While sentences within the Guidelines require little explanation, more is required if the parties present legitimate reasons to depart from the Guidelines." *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009) (internal quotation marks and citations omitted). Garcia's arguments before the district court concerning his motives for returning to the United States and limited criminal history are relevant considerations under § 3553(a). *See id.* at 363; *see also* § 3553(a)(1). However, the record demonstrates that the district court gave adequate reasons for rejecting Garcia's arguments for a lower sentence. *Cf. Mondragon-Santiago*, 564 F.3d at 363-64 (holding that failure to give any reasons "beyond a bare recitation of the Guidelines calculation" was error).

A district court may not require extraordinary circumstances to impose a non-Guidelines sentence. *United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 947 (2009). In response to defense counsel's request for a downward variance, the district court remarked that Garcia's case "doesn't seem to be very unusual, doesn't [seem] to be anything extraordinary." Despite the district court's ambiguous reference to the lack of extraordinary circumstances, there is no indication in the record that the district court actually required extraordinary circumstances to impose a non-Guidelines sentence. *Cf.*

*United States v. Carbajal-Alvarado*, 275 F. App'x 427, 427 (5th Cir. 2008) (finding that district court's statements made clear that it would require extraordinary circumstances for a variation from the Guidelines range).  Nor is any there indication in the record that the district court would have imposed a lower sentence had extraordinary circumstances been present.  Instead, the record demonstrates that the district court disagreed with Garcia regarding whether a within-Guidelines sentence was reasonable and appropriate under § 3553(a).  *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 388-89 (5th Cir. 2008).  Therefore, there was no error in the application of the Guidelines.

As Garcia acknowledges, his argument that the presumption of reasonableness should not apply because United States Sentencing Guidelines § 2L1.2 is not empirically-based is foreclosed by *Mondragon-Santiago*, 564 F.3d at 366-67.  The within-Guidelines sentence is presumed reasonable.  *See Newson*, 515 F.3d at 379.  The district court considered the arguments and the § 3553(a) factors, and there is nothing to indicate that the district court abused its discretion in its assessment of the relevant factors such that the sentence should not be presumed reasonable.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The judgment is AFFIRMED.