# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2011

No. 10-10569
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SULAIMON OLASODE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-233-2

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sulaimon Olasode appeals the 48-month sentence imposed in connection with his guilty-plea conviction for conspiracy to possess stolen mail matter and commit fraud and related activity in connection with stolen access devices. For the first time on appeal, Olasode argues that his sentence is procedurally unreasonable because the district court presumed that a sentence within the applicable sentencing guidelines range was reasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10569

Generally, we review the sentence imposed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). In reviewing a sentence for reasonableness, we first determine whether the district court's sentencing decision is procedurally sound and then determine whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). As Olasode did not preserve his presumption-of-reasonableness argument in the district court, review of the district court's actions is for plain error only. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008).

The Supreme Court has explained that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). A sentencing court cannot require that exceptional circumstances be present to justify imposing a sentence that is outside of the guidelines range. *Gall,* 552 U.S. at 47. Contrary to Olasode's argument, nothing in the district court's remarks shows that he was required to overcome a presumption that the Guidelines range was reasonable or required to prove "extraordinary circumstances" before the district court would impose a non-Guidelines sentence. Olasode has not established that the district court erred, much less plainly erred, by applying a presumption of reasonableness to his advisory sentencing guidelines range. *See King*, 541 F.3d at 1145.

The district court's judgment is AFFIRMED.