**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2012

Lyle W. Cayce
Clerk

No. 11-40381
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO JAIMES-ALVAREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:11-CR-43-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Jaimes-Alvarez appeals the thirty-three-month sentence imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40381

on his guilty-plea conviction of being unlawfully found in the United States after deportation. *See* 8 U.S.C. § 1326. He challenges the procedural reasonableness of the sentence, arguing that the district court failed to provide adequate reasons and that the court's comments at sentencing reflected that it applied a presumption of reasonableness. He further challenges the substantive reasonableness of the sentence, contending that the sentence is greater than necessary in light of the 18 U.S.C. § 3553(a) sentencing factors.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of those sentencing factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). While sentences within the guidelines do not require a "lengthy explanation," more is required if the parties present legitimate reasons to depart from the guidelines. *Rita v. United States*, 551 U.S. 338, 356-57 (2007). The record reflects that the reasons are adequate to allow meaningful appellate review, *see Gall*, 552 U.S. at 50, and, although brief, the reasons are sufficient under *Rita*, 551 U.S. at 357.

Because Jaimes-Alvarez did not argue in the district that the court was, in essence, applying a presumption of reasonableness to a guideline sentence, review of that issue is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008). Jaimes-Alvarez argues that the court's comments at sentencing are similar to those in *United States v. Carbajal-Alvarado*, 275 F. App'x 427, 427 (5th Cir. 2008), in which we remanded for resentencing after determining that the court had applied a presumption of reasonableness and had required extraordinary circumstances to impose a sentence outside the guideline range.

Although at sentencing the court made comments similar to those at issue in *Carbajal-Alvarado* by stating that it did not "see anything here that compels a variance" and further stating that the "case [was] very typical of others—not extraordinary, not unusual," it also stated that it considered the § 3553(a) factors and determined that a sentence within the guidelines satisfied those factors. *See*

2

*Gall*, 552 U.S. at 49-50 (observing that district courts should consider the guideline range as "the starting point" but should then consider all of the § 3553(a) factors). *Carbajal-Alvarado* also is distinguishable because there the defendant preserved the error for appellate review. Even if, arguendo, the district court committed a clear or obvious procedural error, *see Puckett*, 556 U.S. at 135, Jaimes-Alvarez has made no showing that the error affected his substantial rights. *See King*, 541 F.3d at 145; *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. If a court imposes a sentence within a properly calculated guidelines range, we apply a rebuttable presumption that the sentence is reasonable. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Jaimes concedes that the presumption applies but argues, for purposes of preserving the issue for possible further review, that the presumption should not apply to sentences calculated under U.S.S.G. § 2L1.2. As he concedes, the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Jaimes-Alvarez also asserts that any presumption that the sentence is reasonable is rebutted by his family circumstances, the excessiveness of the sixteen-level enhancement, and over representation of his criminal history. Jaimes-Alvarez has not shown that the sentence failed to account for a factor that should have received significant weight, that the court gave significant weight to an irrelevant or improper factor, or that the sentence represented a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.