# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2012

No. 11-50684
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTIN GARDEA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-294-2

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Gardea challenges his jury-trial conviction for conspiring to distribute 500 grams or more of cocaine and 50 kilograms or more of marijuana. (He was sentenced, *inter alia*, to 97-months' imprisonment.) Gardea contends the conviction should be vacated because: the evidence establishing venue was insufficient; the evidence establishing the elements of a conspiracy was insufficient; the Government improperly offered evidence of coconspirator guilt;

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his counsel was ineffective for failing to object to that evidence or to request a limiting instruction concerning it.

Gardea waived his venue contention by failing to raise it pre-trial, or in his motion for judgment of acquittal, or in a request for a jury instruction on venue. *See United States v. Carbajal*, 290 F.3d 277, 288-89 & n.19 (5th Cir. 2002).

Gardea moved for a judgment of acquittal at the close of the Government's case (Gardea did not present evidence) on the basis that evidence of a conspiracy was insufficient. Therefore, review of this claim is *de novo. E.g., United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). Viewing the evidence in the requisite light most favorable to the verdict and drawing all reasonable inferences in support of it, there was sufficient evidence to sustain Gardea's conspiracy conviction. *See id.* For example, Gardea explained to the undercover Officers why he and a coconspirator were seeking to sell drugs and provided information regarding their suppliers; he offered his opinion on operational details of the proposed drug deal, such as where the actual delivery of drugs should take place; and he reassured those Officers that he and his coconspirator would follow through on their promise to sell the drugs. Gardea's statements, and the undercover Officers' interpretation of them, permitted the jury to infer reasonably that he was a knowing and active participant in the conspiracy. *See United States v. Bradfield*, 113 F.3d 515, 525-26 (5th Cir. 1997).

Gardea also claims error because the district court allowed evidence on the guilt of his coconspirators. Evidentiary rulings are reviewed for an abuse of discretion if the admission of the evidence was objected to in district court. *E.g., United States v. King*, 541 F.3d 1143, 1146 (5th Cir. 2008). But, because Gardea did *not* preserve this claim in district court, review is only for plain error. *E.g., Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United State v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish reversible plain error, Gardea must show a clear or obvious error affecting his substantial rights. *E.g., Puckett*, 129

S. Ct. at 1429.   Even if such reversible error is shown, our court retains discretion to correct the error and generally will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.*

The Government introduced evidence of the coconspirators' guilty pleas, elicited testimony that all persons involved in the offense had been held accountable, and reiterated that point in closing.  But, Gardea raised the issue of the coconspirators' guilt first and continued to do so after the Government introduced evidence of the guilty pleas.  Therefore, it is arguable he waived his claim. In any event, Gardea has failed to show the admission of this evidence constitutes error, much less plain error.  *See United States v. Setser*, 568 F.3d 482, 493-94 (5th Cir. 2009).

Gardea also contends his counsel was ineffective for failing:  to object to the evidence regarding his coconspirators' guilt; and to request a limiting instruction.   An ineffective-assistance-of-counsel claim generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations".  *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).  Gardea did not raise these claims in district court.  The record does not reveal counsel's awareness of these issues or his reasons for neither objecting nor requesting a limiting instruction. Because the record is insufficiently developed, these claims will not be considered. They can, of course, be pursued through a motion under 28 U.S.C. § 2255.

AFFIRMED.