# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2013

No. 12-40621
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERON ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1111-2

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Heron Espinoza appeals the sentence imposed for his conviction for conspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine. The district court sentenced him to 210 months of imprisonment, the bottom of his advisory guidelines range. Espinoza argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors in regard to his arguments for a lesser sentence, failed to adequately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explain its reasons for the sentence, and erred by implicitly presuming that the guidelines range was reasonable.

Because Espinoza did not object on those grounds in the district court, plain error review applies to his arguments. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Espinoza must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but it will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A sentencing court commits significant procedural error where it fails to consider the § 3553(a) factors, fails to adequately explain the chosen sentence, or applies a presumption of reasonableness to the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. The district court considered Espinoza's arguments for a below-guidelines sentence, which included arguments concerning his personal history and characteristics, the circumstances of his role in the offense, and his limited criminal history, but the district court decided that a sentence at the bottom of his advisory guidelines range was appropriate. It never expressly applied a presumption that the Guidelines were reasonable or required Espinoza to demonstrate extraordinary circumstances in order to receive a below-guidelines sentence. *See United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008).

Moreover, to show that an error affected his substantial rights, Espinoza is required to demonstrate a reasonable probability that the result of the proceeding would have been different but for the error. *Mondragon-Santiago*, 564 F.3d at 364. Although the district court did not explicitly refer to the

§ 3553(a) factors, "a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Espinoza has failed to demonstrate an affect on his substantial rights and thus has not shown plain error.  *See Mondragon-Santiago*, 564 F.3d at 365; *King*, 541 F.3d at 1145.

AFFIRMED.