# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2013

Lyle W. Cayce
Clerk

No. 12-41027
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO GARCIA-VELA, also known as Juan Garcia-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-335-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mexican national Juan Garcia-Vela (Garcia) appeals the 96-month sentence he received following his guilty-plea conviction for being illegally present in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that his sentence is procedurally unreasonable because the district court presumed that a sentence within the applicable guidelines range was reasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41027

Generally, we review the sentence imposed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). In reviewing a sentence for reasonableness, we first determine whether the district court's sentencing decision is procedurally sound and then determine whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). As Garcia did not preserve his presumption-of-reasonableness argument in the district court, review of the district court's actions is for plain error only. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008).

The Supreme Court has explained that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). A sentencing court cannot require that exceptional circumstances be present to justify imposing a sentence that is outside of the guidelines range. *Gall,* 552 U.S. at 47. Contrary to Garcia's argument, nothing in the district court's remarks shows that he was required to overcome a presumption that the guidelines range was reasonable or required to prove "extraordinary circumstances" before the district court would impose a non-guidelines sentence. Garcia has not established that the district court applied a presumption of reasonableness to his advisory sentencing guidelines range. *See King*, 541 F.3d at 1145. Therefore, Garcia has not established that the district court erred, much less plainly erred.

To the extent that Garcia challenges the district court's denial of his request for a below-guidelines sentence, the argument fails. *See Gall*, 552 U.S. at 51. His within-guidelines sentence is presumptively reasonable, and his assertions concerning his benign motive for reentry and cultural assimilation do not rebut that presumption. *See Rita*, 551 U.S. at 347; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court's judgment is AFFIRMED.