# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2013

Lyle W. Cayce
Clerk

No. 12-40785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARYL A. BARRALAGA SANDERS, true name Daryl Alberto Barralaga-Sandres,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-159-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daryl Barralaga Sanders was convicted of one charge of illegal reentry into the United States and sentenced to serve 63 months in prison and two years on supervised release. In the sole issue raised in this appeal, Barralaga Sanders argues that the district court plainly erred by presuming that his guidelines sentencing range was reasonable and by relying upon this presumption to deny

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his request for a sentence below the guidelines range based on cultural assimilation.

As he acknowledges, we consider this claim under the plain error standard because it was not presented to the district court. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008). To meet this standard, Barralaga Sanders must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if this showing is made, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Our review of the record shows that the district court acted properly by acknowledging that the Sentencing Guidelines were advisory and by considering the factors given in 18 U.S.C. § 3553 before imposing the sentence it found appropriate under the facts of this particular case. *See Gall v. United States*, 552 U.S. 38, 50 (2007). The district court's remarks, read in context, do not demonstrate that it required Barralaga Sanders to overcome a presumption that the guidelines range was reasonable or refused to grant the requested variance absent a showing of extraordinary circumstances. *See United States v. Diaz*, 344 F. App'x 36, 41 (5th Cir. 2009) (per curiam). Because Barralaga Sanders has not shown plain error concerning his sentence, the judgment of the district court is AFFIRMED.