**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-41045
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO FIGUEROA-NORIEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-815-1

Before SMITH, DeMOSS, and SOUTHWICK, District Judges.

PER CURIAM:[*]

Pedro Figueroa-Noriega was convicted of attempted illegal reentry into the United States and sentenced to 30 months of imprisonment. In his sole issue on appeal, Figueroa-Noriega argues that the district court plainly erred by presuming that the guidelines sentencing range was reasonable. We consider this claim under the plain error standard of review because it was not presented to the district court. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008). Figueroa-Noriega must show an error that is clear or obvious and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if this showing is made, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

At sentencing, the district court stated that the Guidelines were presumed to be reasonable. It is plain that a "sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). However, nothing in the district court's remarks, viewed in their entirety, shows that it actually required Figueroa-Noriega to overcome a presumption that the guidelines range was reasonable or refused to grant a departure or variance absent a showing of extraordinary circumstances. *See King*, 541 F.3d at 1145. Indeed, our review of the record shows that the district court acted properly by considering Figueroa-Noriega's arguments and the sentencing factors of 18 U.S.C. § 3553 when imposing the sentence it found to be appropriate. *See Gall v. United States*, 552 U.S. 38, 50 (2007). Figueroa-Noriega has not shown plain error concerning his sentence.

We also note that there is a clerical error in the judgment. Figueroa-Noriega was charged with and pleaded guilty to attempted illegal reentry. The written judgment describes the offense of conviction as "[b]eing found in the U.S. after previous deportation." "[T]here is a clear distinction between actual entry into the United States, and attempted entry." *United States v. Angeles-Mascote,* 206 F.3d 529, 531 (5th Cir. 2000). Under Federal Rule of Criminal Procedure 36, a district court may correct a clerical error in a judgment at any time. Furthermore, we may review clerical errors in the judgment for the first time on appeal and remand a case to the district court with instructions to correct the errors in the judgment. *See United States v. Powell,* 354 F.3d 362, 371-72 (5th Cir. 2003).

AFFIRMED; LIMITED REMAND TO CORRECT CLERICAL ERROR IN JUDGMENT.