**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-41016
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS MIRANDA-AGUIRRE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:12-CR-395-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Miranda-Aguirre appeals the forty-six-month sentence imposed in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41016

connection with his guilty-plea conviction of illegal reentry following deportation. For the first time on appeal, he claims the sentence is procedurally unreasonable because the district court presumed that a sentence within the applicable sentencing guideline range is reasonable.

Generally, we review a sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir. 2005). We determine first whether the sentencing decision is procedurally sound and then whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 49–51 (2007). Because Miranda-Aguirre did not preserve his presumption-of-reasonableness argument in the district court, review is for plain error only. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008).

"The sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). A sentencing court cannot require that extraordinary circumstances be present to justify imposing a sentence that is outside of the guideline range. *Gall,* 552 U.S. at 47. Contrary to Miranda-Aguirre's position, nothing in the district court's remarks shows that he was required to overcome a presumption that the guidelines range was reasonable or required to prove "extraordinary circumstances" before the court would impose a non-guideline sentence. Miranda-Aguirre has not established that the district court erred, much less plainly erred, by applying a presumption of reasonableness to his advisory range. *See King*, 541 F.3d at 1145.

The judgment of sentence is AFFIRMED.