# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2013

No. 12-41084
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTINO MALDONADO, also known as Faustino Maldonado-Serrano, also known as Faustino Maldonado, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-229-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Faustino Maldonado was convicted on one charge of illegal reentry into the United States and was sentenced to serve 70 months in prison and a one-year term of supervised release. Maldonado contends on appeal that the district court plainly erred when it presumed that his guidelines sentencing range was reasonable and relied on this presumption to deny his request based on cultural assimilation, for a sentence below the guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41084

As Maldonado acknowledges, we consider this claim under the plain error standard because it was not presented to the district court. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008). To meet this standard, Maldonado must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he makes this showing, we will only exercise our discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Our review of the record shows that the district court acted properly by acknowledging that the Sentencing Guidelines were advisory and by considering the factors given in 18 U.S.C. § 3553 before imposing the sentence it found appropriate under the facts of this particular case. *See Gall v. United States*, 552 U.S. 38, 50 (2007). Nothing in the district court's remarks shows that it required Maldonado to overcome a presumption that the guidelines range was reasonable or refused to grant the requested variance absent a showing of extraordinary circumstances. *See King*, 541 F.3d at 1145. As Maldonado has not shown plain error concerning his sentence, the sentence imposed by the district court is AFFIRMED.