# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2013

Lyle W. Cayce
Clerk

No. 12-41061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO ROSAS-VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-808-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eduardo Rosas-Villarreal was convicted of one count of being found in the United States after previous deportation and was sentenced to serve 46 months in prison. Rosas-Villarreal argues that the district court plainly erred by presuming that his guidelines sentencing range was reasonable and by relying upon this presumption to deny his request for a sentence below the guidelines range based on cultural assimilation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We consider Rosas-Villarreal's claim under the plain error standard because it was not presented to the district court. *See United States v. King*, 541 F.3d 1143, 1144 (5th Cir. 2008). To meet this standard, Rosas-Villarreal must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if this showing is made, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

The Supreme Court has explained that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). Rather, a district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). The guidelines range serves as a "starting point" and "initial benchmark" prior to consideration of the § 3553(a) factors, and a sentencing court cannot require exceptional circumstances to be present to justify imposing a sentence that is outside of the guidelines range. *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

In this case, even assuming arguendo that the district court's language indicates an erroneous application of this standard, we do not find plain error. The district court twice referred to the guidelines range as "advisory." In denying Rosas-Villarreal's argument for a cultural assimilation-based downward variance, the district court cited the defendant's "extensive criminal history"; the fact that he was "at one point . . . given legal status" in the United States before he "lost that all on [his] own"; and his fluency in Spanish and English increasing his ability to obtain employment in Mexico. The district court's conclusion that a cultural assimilation variance was not "justified or warranted in this case" was, on plain error review, based on a sufficiently individualized and fact-specific assessment, *see Gall*, 552 U.S. at 50, and Rosas-Villarreal has not shown a reasonable probability that he would have received a lesser sentence in the

absence of any presumption of reasonableness. *See United States v. Davis*, 602 F.3d 643, 648–49 (5th Cir. 2010). The judgment of the district court is therefore AFFIRMED.