# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50978
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alberto Hernandez-Perez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-166-1

———————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Luis Alberto Hernandez-Perez contests the, *inter alia*, 71-months' imprisonment sentence imposed subsequent to his guilty plea to illegal reentry into the United States, in violation of 8 U.S.C. § 1326 (prohibiting reentry of removed aliens).  After sustaining Hernandez' objection, the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court recalculated his advisory Sentencing Guidelines range to be 57 to 71-months' imprisonment.

Hernandez maintains the court erred by improperly applying a presumption of reasonableness to the advisory sentencing range and imposing a substantively unreasonable sentence. He further contends our court should not apply a presumption of reasonableness to his sentence because Guideline § 2L1.2 (outlining Guidelines for "Unlawfully Entering or Remaining in the United States") lacks an empirical basis, and raises the constitutionality of 8 U.S.C. § 1326(b).

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Hernandez raises a procedural sentencing error by contending the district court improperly applied a presumption of reasonableness to a within-Guidelines sentence. *E.g.*, *United States v. King*, 541 F.3d 1143, 1144–45 (5th Cir. 2008) (applying plain-error standard of review to a claim of procedural sentencing error not preserved in district court). Because Hernandez did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Hernandez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that

affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citation omitted).

The district court concluded the advisory Guidelines sentencing range was fair and reasonable; it did not expressly apply a presumption of reasonableness or require Hernandez to prove extraordinary circumstances before imposing a non-Guidelines sentence. *See King*, 541 F.3d at 1145. There is no indication the court improperly applied a presumption of reasonableness to the sentencing range. Therefore, Hernandez has not shown the requisite clear or obvious error. *See Puckett*, 556 U.S. at 135.

Hernandez preserved his substantive reasonableness challenge by advocating for a shorter sentence than imposed by the district court; therefore, as discussed above, our court reviews for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020) ("A defendant . . . , by advocating for a particular sentence, . . . has thereby informed the court of the legal error at issue . . . ."). After correctly calculating the advisory Guidelines sentencing range and considering the recommendations in the presentence investigation report, counsel's assertions, Hernandez' allocution, and the 18 U.S.C. § 3553(a) sentencing factors, the district court concluded a sentence within the advisory Guidelines sentencing range was appropriate. Hernandez' within-Guidelines sentence is presumptively reasonable. *See United States v. Naidoo*, 995 F.3d 367, 382 (5th Cir. 2021). His contentions that the Guidelines sentencing range overrepresented his criminal offense and history, and that the district court did not adequately consider he fled to the United States to escape harm, are insufficient to rebut that presumption. He essentially asks our court to reweigh the 18 U.S.C. § 3553(a) sentencing

factors and substitute our judgment on appeal, which our court will not do. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Further, as Hernandez concedes, his contention our court should not afford a presumption of reasonableness to his sentence because Guideline § 2L1.2 lacks an empirical basis is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009) (applying the appellate presumption despite defendant's assertions Guideline § 2L1.2 lacks empirical basis). He raises the issue to preserve it for possible further review.

Finally, Hernandez contends 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum based on facts not alleged in the indictment or found by a jury beyond a reasonable doubt. He concedes this contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 239–46 (1998) (holding existence of prior aggravated-felony conviction is "sentencing factor" a court, rather than jury, can determine). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019) ("It remains the case that the district court can resolve the question of a prior conviction, and so we reject [defendant]'s argument."); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). This issue is raised to preserve it for possible further review.

AFFIRMED.